IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPORT DIMENSION, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 22-cv-6945 <br><br> Judge Charles P. Kocoras |

**DEFENDANT SILFARE'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Silfrae (collectively, "Silfrae") respectfully move to dismiss Plaintiff Sport Dimension ("Sport") claim for patent infringement, filed December 12, 2022 (Dkt. No. 1). Sport has failed to plead essential factual support for its claim of alleged infringement. As such, Sport's claim is nothing more than a naked allegation that does not provide Silfrae with fair notice of the alleged infringement and does not support a showing that the alleged infringement is plausible.

**I.    STATEMENT OF FACTS**

On December 12, 2022, Sport filed its Complaint against Silfrae for alleged infringement of U.S. Design Patent No. D744,603 ("the '603 Patent"). Dkt. No. 1 ("Complaint"). The Court then entered an ex parte Temporary Restraining Order (Dkt. No. 21) and a Preliminary Injunction (Dkt. No. 33).

1

The Complaint has a single count, Count I, for alleged infringement of the '603 Patent. Although the complaint is a lengthy prolix of irrelevant and misguiding allegations, nowhere does the Complaint identify a single, specific product of Silfrae that allegedly infringes the '603 Patent. Sport identifies the accused products generally as "personal flotation devices that infringe U.S. Design Patent No. D744,603." Dkt. No. 1 at ¶ 2. Sport goes on to further identify the accused products vaguely as "the same unauthorized and unlicensed products (collectively, the "Infringing Products")." *Id*. at ¶ 3; *see also* ¶ 31 ("products that infringe directly and/or indirectly the ornamental design claimed" in the '603 Patent).

Additionally, nowhere does the Complaint provide any factual allegations addressing **how** any one Silfrae's products is so similar to the claimed design of the '603 patent that an ordinary observer would purchase a Silfrae product on the mistaken belief that it is the same as the claimed design of the '603 Patent. Instead, the Complaint merely recites a litany of the evils of worldwide product counterfeiting and, without a shred of evidence, tries to associate Silfrae with said evils. All of Sport's allegations of infringement are canned, generalized recitations of the elements of a claim of infringement. To illustrate how Silfrae's products allegedly infringe the '603 patent, the best that Sport can do is to state: "Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the PADDLE PALS Design Patent (No. D744,603)." *Id.* at ¶ 31. This falls far short of what the law requires for the Complaint to make a **plausible** claim of infringement of the '603 Patent by Silfrae.

## II. LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be

granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Rule 12(b)(6) requires "a claim to relief that is plausible on its face," which in turn requires factual allegations sufficient to permit a reasonable inference that a defendant is liable for the misconduct alleged. *Cross v. Dick's Sporting Goods, Inc.*, No. 2: 21CV198-PPS/JPK (N.D. Ind. Jan. 14, 2022) (hereinafter "*Cross 1*"), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

The purpose of the plausibility requirement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly* at 555. A claim has facial plausibility when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Parker v. Kimberly-Clark Corp.*, No. 11 C 5658 (N.D. Ill. Jan. 10, 2012), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in [a plaintiff's] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Cross 1*, *quoting Filler v. United States*, 602 Fed.Appx. 518, 520 (Fed.Cir. 2015). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. *Design Ideas, Ltd. v. Lowe's Home Centers LLC*, No. 20-cv-3204 (C.D. Ill. Nov. 30, 2021), *citing Iqbal* at 678.

### III. ARGUMENT

Count I of the Complaint should be dismissed because the Complaint fails to provide fair notice and also fails to plead essential facts to establish the plausibility of an infringement claim under 35 U.S.C. § 271(a). In the context of claims for patent infringement, to meet the standards

of Rule 12(b)(6) as set forth in *Twombly* and *Iqbal*, the "complaint [must] identify the **particular products** of each defendant that are accused of infringing, as well as 'some factual allegations that, when taken as true, **articulate why it is plausible that the accused product infringes the patent claim**.'" *Cross 1*, at *8, *citing Bot M8 LLC* v. *Sony Corporation of America*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

### A. The Complaint fails to provide fair notice because it does not identify a specific product of Silfrae that allegedly infringes the '603 Patent

In evaluating design patent infringement the test is "whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008). A Court "engages in a two-step process to determine whether defendant has infringed the asserted patent. First, the court construes the design patent. Then, the patented design is compared to the alleged infringing product." *Young v. Anne Stone*, No. 13 C 4920 (N.D. Ill. Aug. 28, 2014), *at* *2, citing *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1404-05 (Fed.Cir. 1997) (citation omitted). In *Young*, the Court engaged in claim construction ("[t]he first figure is described as [. . .]", "[t]he description further notes that [. . .]"), separated functional from ornamental features ("having distinguished the functional and ornamental features of the products"), considered the relevant prior art ("the court [now] consider the prior art"), compared the patented design to the accused product ("[o]ne of the most obvious differences between the products is that top of the lower disk on defendant's product is noticeably inclined"; "[w]hen the products are viewed as a whole, this difference adds to the impression that the two products are plainly dissimilar."), and finally determined the plausibility of infringement ("[u]nder the ordinary observer test, the court concludes that the two products are so plainly dissimilar that

defendant is entitled to judgment as a matter of law."). *Young*, at *2-8.

Because evaluating the plausibility of design patent infringement requires a **comparison** of the patented design against the accused product, it is essential that the Complaint identify **a specific, accused product**. In *Cross 1*, the Court granted a motion to dismiss under Rule 112(b)(6) because the Complaint failed to identify the accused product. *Cross 1, at* *3 ("an infringement claim must **specifically identify the products** accused of infringing." *Citing*, *Bot M8*.). In *Bender v. LG Electronics*, the Court noted that multiple "cases have held that the factual allegations in a patent infringement complaint **must identify the specific products accused**." *Bender v. LG Electronics U.S.A., Inc.*, No. 09-cv-02114, 2010 WL 889541, at *6 (N.D. Cal. Mar. 11, 2010) (Also, "[s]ufficient allegations would include, at a minimum, a brief description of what the patent at issue does, and an **allegation that certain named and specifically identified products** or product components also do what the patent does, thereby raising a plausible claim that the **named products** are infringing.").

Without an identification of a specific accused product, a Court is unable to make the determination of plausible infringement. In *Cross 1*, the Court wrote that the plaintiff's "failure to particularly identify the accused products associated with each defendant[,] makes it **impossible to engage in a 'plainly dissimilar' analysis, when the accused products have not been clearly identified**." *Cross 1*, *at* *7. In *Cross 1*, the Complaint alleged a generalized, accused product as "T-shirts with the ornamental design as defined by the claim" of the asserted patents. *Id.*, at *1. Even though the complaint included exhibits showing the alleged infringing products, the Court found it lacking ("Attached to the complaint are Exhibits 5 through 8, one for each defendant, containing one or more screenshots of zip-up jerseys as advertised for sale on the defendant's website. **The complaint makes no reference to these exhibits and offers no**

5

**allegations about the products depicted**. Cross **fails to allege what the particular accused products offered by each retailer are**." *Cross 1* at *4).

Therefore, sufficient factual allegations to survive a Rule 12(b)(6) challenge must include, at a minimum, the **identification of the specific product** accused of infringement.

Here, Sport identifies the accused products merely as "personal flotation devices that infringe U.S. Design Patent No. D744,603." Dkt. No. 1 at ¶ 2. This level of generality is indistinguishable from the description of the accused products as "T-shirts with the ornamental design as defined by the claim" that was found to be insufficient by the Court in *Cross 1*. *Cross 1*, at *5. Sport goes on to further identify the accused products vaguely as "the same unauthorized and unlicensed products (collectively, the "Infringing Products")." Dkt. No. 1 at ¶ 3; *see also* ¶ 31 ("products that infringe directly and/or indirectly the ornamental design claimed" in the '603 Patent).

Because the Complaint **fails to identify the accused products** with any particularity, let alone by name or by photograph, this is sufficient grounds to dismiss Sport's Complaint. *See Artrip v. Ball Corp.*, 735 F. App'x 708, 714-15 (Fed. Cir. 2018) (dismissing a complaint because the complaint stated only that "one or more of the machines at least at the Bristol Plant" infringed the patents, but **failed to identify which of the defendant's machines, in particular, were accused of infringement**).

B.  **The Complaint fails to show plausible infringement because it does not provide any explanation as to how any Silfrae product allegedly infringes the '603 Patent.**

In granting a motion under Rule 12(b)(b), the Court in *Cross 2* stated that the plaintiff "fails to set forth factual allegations providing a plausible explanation of why each [product] is infringing." *Cross v. Dick's Sporting Goods, Inc.*, No. 2: 21CV198-PPS/JPK (N.D. Ind. Apr. 5,

2022), *at* *4, (hereinafter "*Cross 2*"). The Court added that the plaintiff's complaint "does not offer allegations articulating how the 'overall appearance' of any particular accused jersey, or the appearance of their 'design as a whole' infringes [the plaintiff's] patents." *Cross 2, at* *6. Plaintiff must make some attempt to describe the alleged infringement. *Atlas IP, LLC v. Exelon Corp.*, 189 F.Supp.3d 768, 2016 WL 2866134, at *5 (N.D. Ill. May 17, 2016) ("[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement--they are merely compatible with infringement.").

Without any description of how a defendant infringes the asserted patent, a Court cannot "draw the reasonable inference that the Defendant is liable for [patent infringement.]." *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal, at* 678). The "conclusory nature of the complaint means Cross does not 'articulate why it is plausible that the accused product infringes the patent claim.'" *Cross 1*, at *4, *citing Bot M8 LLC*, 4 F.4th at 1353.

In *WePay Global Payments LLC v. McDonald's*, the Court performed the ordinary observer test by comparing asserted claim against the accused product. *WePay Global Payment LLC v. McDonald's*, No. 22 C 1064 (N.D. Ill. Nov. 29, 2022), *at* *5. The Court stated that the "Complaint does not describe with words the McDonald's app that allegedly infringes the 702 patent. Instead, the Complaint shows pictures of the app." *Id., at* *3. The Court goes on to say that "after reviewing the Plaintiff's exhibit, the Court does not see how any observer, ordinary or extraordinary for that matter, could ever find McDonald's app confusingly similar to Plaintiff's patented design. [. . .] **While [the Complaint] may put McDonald's on notice of the nature of its claim, it does nothing to give it any plausibility**. The Motion to Dismiss is granted." *Id.*, *at* *6.

7

It must be noted that "[b]ecause the focus of Rule 12(b)(6) motions is on the pleadings, they "can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice" (*Geinosky v. City of Chicago*, 675 F.3d 743, 745-46 n. 1 (7th Cir.2012)). In *Cross 2*, the Court wrote that "[e]fforts to provide the necessary product-specific allegations in Cross's reply brief are insufficient in themselves and in any event are misplaced, as they are absent from the pleading itself." *Cross 2*, at *5. In *Cross 1*, the Court wrote that "[w]hat is argued in briefing cannot be considered to amend a pleading, and cannot attempt to rectify deficiencies of a complaint." *Cross, at *4*, citing *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) (a complaint may not be amended by the plaintiff's opposition to a motion to dismiss).

In this case, the Complaint lacks any factual allegations supporting a plausible inference that any of Silfrae's products infringe the '603 Patent. More specifically, Sport fails to make factual allegations showing why or how the "an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008).

To show **how** Silfrae's products allegedly infringe the '603 patent, the best that Sport does is to state: "Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the PADDLE PALS Design Patent (No. D744,603)." Dkt. No. 1, ¶ 31. This falls far short of what the law requires for Sport's Complaint to make a **plausible** claim of infringement of the '603 Patent by Silfrae ("A claimant cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely

8

concluding that the accused product has those elements." *Bot M8*, 4 F.4th at 1353).

Moreover, Sport cannot cure this flaw of the Complaint through any reply briefing because the instant Motion to Dismiss must be decided "based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky*, 745-46 n.1.

Therefore, because Sport's allegations are conclusory at best, amounting to naked allegations of infringement, the Complaint should be dismissed for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss Count I of the Complaint for infringement of the '603 Patent.

Dated: Queens, New York
February 23, 2023

Respectfully Submitted,

*/s/ Jiyuan Zhang*
_____
By: Jiyuan Zhang, Esq.
J. Zhang and Associates, P.C.
13620 38th Avenue, #11G
Flushing, NY 11354
Tel: (607) 948-3339

**Attorney for Defendant,**
*Silfrae*

**AFFIRMATION OF SERVICE**

    I hereby certify that on February 23, 2023, a copy of the foregoing was served on counsel of record and interested parties by electronic means pursuant to the court's Electronic Case Filing (ECF) system.

<em>/s/ Jiyuan Zhang</em>