**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SPORT DIMENSION, INC., | ) | Civil Action No. 22-cv-6945 |
| | ) | |
| Plaintiff, | ) | Judge Charles P. Kocoras |
| | ) | |
| v. | ) | |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, ETC. | ) | |
| IDENTIFIED ON SCHEDULE A, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION BY DEFENDANTS BSCSTORE (DEFENDANT #7), KNOW
WHITE (DEFENDANT #11), JOIE STORE (DEFENDANT #10) AND
SIUMASK (DEFENDANT #14) FOR AN ORDER (1) DISMISSING CASE
FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE
OR, IN THE ALTERNATIVE, (2) MODIFYING PRELIMINARY
INJUNCTION TO VACATE ASSET RESTRAINT AND ALLOW
DEFENDANTS TO MAKE A DEPOSIT INTO COURT IN LIEU OF ASSET
RESTRAINT**

On December 14, 2022, the Court entered a temporary restraining order
(Docket #21) (TRO) and on March 1, 2023 the Court entered a preliminary
injunction (Docket #56) in this matter. As part of the TRO and preliminary
injunction, the Court ordered that all funds in the Amazon accounts maintained by
moving defendants BSCstore (Defendant #7), Know White (Defendant #11), Joie
Store (Defendant #10) and SiuMask (Defendant #14) (collectively the "Moving

1

Defendants") be frozen and restrained during the pendency of this action. It appears that the Court ordered such asset restraints without any proof from Plaintiff as to how much was in the Amazon accounts of the Moving Defendants or how much revenue the Moving Defendants earned from the sale of the product at issue in this case.

In fact, approximately $950,000.00 has been frozen and restrained in the Amazon accounts maintained by the Moving Defendants as a result of the TRO and preliminary injunction. However, the Moving Defendants collectively only earned $42,398.95 in gross revenue from the sale of the product at issue. Consequently, as can be seen, <u>more than $900,000.00 in funds currently are frozen and restrained in the Moving Defendants' Amazon accounts even though such funds have nothing to do with and were not derived from the sale of the product at issue in this case</u>.

As discussed in the accompanying memorandum of law, this case should never have been filed in this Court in the first place. Plaintiff's principal place of business is in Carson, California. The Moving Defendants all are Chinese companies that do not have sufficient contacts with the State of Illinois to support either the exercise of personal jurisdiction or venue in this Court. Indeed, it appears that this case has been filed in this Court solely for the convenience of Plaintiff's counsel.

Because none of the Moving Defendants is subject to personal jurisdiction in the State of Illinois or venue in this Court, the Moving Defendants seek dismissal of this case pursuant to Rule 12(b)(2) and Rule 12(b)(3) of the Federal Rules of Civil Procedure.

If the Court will not dismiss this case, the Moving Defendants request the following relief: (1) an order pursuant to Rule 67 of the Federal Rules of Civil Procedure and Local Rule 67.1 authorizing the Moving Defendants to deposit the

sum of $42,398.95  with the Court in lieu of an asset restraint or freeze; and (2) an order modifying the preliminary injunction against the Moving Defendants to lift and vacate the asset restraint and freeze against the Amazon accounts maintained by the Moving Defendants upon the deposit with the Court of the sum of $42,398.95.

A Memorandum of Law in support of this Motion is filed concurrently with this Motion.

Respectfully submitted March 24, 2023

By: /s/ Gregory P. Goonan
Gregory P. Goonan
*Pro Hac Vice* Pending
Email: ggoonan@affinity-law.com
THE AFFINITY LAW GROUP
5230 Carroll Canyon Road, Suite 230
San Diego, CA  92121
Tel: 858-412-4296

David M. Zinder
LAW OFFICES OF DAVID M. ZINDER
Suite 105
40 Skokie Boulevard
Northbrook, Illinois 60062
Tel: (224) 330-1712
Email: dzinder@dmzlaw.com

Attorneys for Defendants
BSCstore, Know White, Joie Store,
And SiuMask

3