UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPORT DIMENSION, INC., | ) | Civil Action No. 22-cv-6945 |
|                  Plaintiff, | ) ) | Judge Charles P. Kocoras |
| v. | ) ) | |
| THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX A, | ) ) ) | |
|                  Defendants. | ) ) | |

**DECLARATION OF RUILIN ZHANG IN SUPPORT OF MOTION BY DEFENDANTS JOIE STORE (DEFENDANT #7), JOIE STORE (DEFENDANT #11), JOIE STORE (DEFENDANT #10) AND SIUMASK (DEFENDANT #14) FOR AN ORDER (1) DISMISSING CASE FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, (2) MODIFYING PRELIMINARY INJUNCTION TO VACATE ASSET RESTRAINT AND ALLOW DEFENDANTS TO MAKE A DEPOSIT INTO COURT IN LIEU OF ASSET RESTRAINT**

I, Ruilin Zhang, state as follows for my declaration:

1. I am the Director of defendant Joie Store ("Joie Store"). I offer this declaration in support of the motion by Joie Store and other defendants to dismiss this case for lack of personal jurisdiction and improper venue or, in the alternative, to grant Joie Store relief from the restraint on its Amazon account.

1

2. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently thereto.

3. The headquarters and principal place of business of Joie Store is Shenzen, Guangdong Province, China.

4. Joie Store does not have any offices, employees, or agents in the State of Illinois.

5. Joie Store does not own, use, or possesses any real or personal property in the State of Illinois.

6. Joie Store does not pay taxes, and has never paid taxes, in the State of Illinois.

7. Joie Store has never filed a lawsuit in the State of Illinois.

8. Joie Store has never held any bank accounts in the State of Illinois.

9. Joie Store has never warehoused or stored inventory in the State of Illinois.

10. Joie Store has never directed advertising or marketing towards the State of Illinois or its residents.

11. Joie Store has never contracted with any internet service provider located in the State of Illinois.

12. Joie Store has never purchased goods or services from any entities or individuals located in the State of Illinois.

13. The only state in the United States where Joie Store has contacts is the State of California. Joie Store uses a warehouse facility in Union City, California (near San Francisco).

14. Joie Store sold a total of 768 pieces of the product at issue in this lawsuit on a worldwide basis. The total gross sales revenues made by Joie Store from such sales is $19,441.43.

15. Joie Store only sold a total of thirty-three pieces of the product at issue (out of 768 total pieces) to purchasers located in the State of Illinois. All such sales were initiated by the purchasers over Amazon. Joie Store did not solicit such sales.

16. Joie Store has not targeted purchasers in the State of Illinois or sought to exploit the Illinois market.

17. Joie Store did not expect to be sued and did not anticipate being sued in the State of Illinois given Joie Store's complete lack of contacts with the State of Illinois, the extremely small number of pieces of the product at issue sold to purchasers located in Illinois, and the fact that Joie Store does not target or solicit business from any purchasers in the State of Illinois.

18. At present, the sum of at least $95,000.00 is frozen in Joie Store's Amazon account because of the TRO and preliminary injunction in this case.

19. The amount frozen in Joie Store's Amazon account includes substantial revenues from sales of products other than the product at issue in this case. Sales of the product at issue only represent a miniscule percentage of the total sales of Joie Store's total sales.

20. The asset freeze from the Court's TRO and preliminary injunction already has caused Joie Store significant damage. All of Joie Store's sales are done on Amazon. Because of the Court's TRO and preliminary injunction, all of the funds in Joie Store's Amazon account have been frozen.

21. Although Joie Store theoretically could still make sales on Amazon, the proceeds of such sales also will be frozen because of the preliminary injunction.

22. Consequently, continuing to sell product on Amazon really is not a viable option for Joie Store at this point since the proceeds from all such sales will

be frozen because of the preliminary injunction unless the Moving Defendants are granted relief from the asset restraint provisions of the preliminary injunction.

23. For these reasons, the Court's TRO and preliminary injunction have effectively shut down Joie Store's business.

24. The funds currently frozen in Joie Store's Amazon account represent virtually all of Joie Store's total available funds.

25. Because of the asset freeze, Joie Store currently cannot withdraw any funds from its Amazon account at all, even though the large majority of such funds represents revenues derived from the sale of products other than the product at issue in this lawsuit.

26. Joie Store consequently does not have any cash flow to sustain its business.

27. Because of the freeze, Joie Store does not have enough money available to pay its employees, pay suppliers for product already purchased, or buy new product.

28. Therefore, Joie Store likely will be forced out of business permanently if it is not given relief from the freeze on its entire account with Amazon.

I declare under penalty of perjury of the laws of the United States of America that the above is true and correct. Executed on March 24, 2023 at Shenzhen, Guangdong Province, China.

*Ruilin Zhang*
Ruilin Zhang

4