UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SPORT DIMENSION, INC., | ) | Civil Action No. 22-cv-6945 |
| | ) | |
| Plaintiff, | ) | Judge Charles P. Kocoras |
| | ) | |
| v. | ) | |
| | ) | |
| THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX A, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

_____

**DECLARATION OF MING DU IN SUPPORT OF MOTION BY DEFENDANTS SIUMASK (DEFENDANT #7), SIUMASK (DEFENDANT #11), SIUMASK (DEFENDANT #10) AND SIUMASK (DEFENDANT #14) FOR AN ORDER (1) DISMISSING CASE FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, (2) MODIFYING PRELIMINARY INJUNCTION TO VACATE ASSET RESTRAINT AND ALLOW DEFENDANTS TO MAKE A DEPOSIT INTO COURT IN LIEU OF ASSET RESTRAINT**

I, Ming Du, state as follows for my declaration:

1. I am the Chief Executive Officer of defendant SiuMask ("SiuMask"). I offer this declaration in support of the motion by SiuMask and other defendants to dismiss this case for lack of personal jurisdiction and improper venue or, in the alternative, to grant SiuMask relief from the restraint on its Amazon account.

1

2.  I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently thereto.

3.  The headquarters and principal place of business of SiuMask is Shenzen, Guangdong Province, China.

4.  SiuMask does not have any offices, employees, or agents in the State of Illinois.

5.  SiuMask does not own, use, or possesses any real or personal property in the State of Illinois.

6.  SiuMask does not pay taxes, and has never paid taxes, in the State of Illinois.

7.  SiuMask has never filed a lawsuit in the State of Illinois.

8.  SiuMask has never held any bank accounts in the State of Illinois.

9.  SiuMask has never warehoused or stored inventory in the State of Illinois.

10. SiuMask has never directed advertising or marketing towards the State of Illinois or its residents.

11. SiuMask has never contracted with any internet service provider located in the State of Illinois.

12. SiuMask has never purchased goods or services from any entities or individuals located in the State of Illinois.

13. The only state in the United States where SiuMask has contacts is the State of California. SiuMask uses a warehouse facility in Union City, California (near San Francisco).

14. SiuMask sold a total of 503 pieces of the product at issue in this lawsuit on a worldwide basis. The total gross sales revenues made by SiuMask from such sales is $11,987.32.

15. SiuMask only sold a total of eight pieces of the product at issue (out of 503 total pieces) to purchasers located in the State of Illinois. All such sales were initiated by the purchasers over Amazon. SiuMask did not solicit such sales.

16. SiuMask has not targeted purchasers in the State of Illinois or sought to exploit the Illinois market.

17. SiuMask did not expect to be sued and did not anticipate being sued in the State of Illinois given SiuMask's complete lack of contacts with the State of Illinois, the extremely small number of pieces of the product at issue sold to purchasers located in Illinois, and the fact that SiuMask does not target or solicit business from any purchasers in the State of Illinois.

18. At present, the sum of at least $55,000.00 is frozen in SiuMask's Amazon account because of the TRO and preliminary injunction in this case.

19. The amount frozen in SiuMask's Amazon account includes substantial revenues from sales of products other than the product at issue in this case. Sales of the product at issue only represent a miniscule percentage of the total sales of SiuMask's total sales.

20. The asset freeze from the Court's TRO and preliminary injunction already has caused SiuMask significant damage. All of SiuMask's sales are done on Amazon. Because of the Court's TRO and preliminary injunction, all of the funds in SiuMask's Amazon account have been frozen.

21. Although SiuMask theoretically could still make sales on Amazon, the proceeds of such sales also will be frozen because of the preliminary injunction.

22. Consequently, continuing to sell product on Amazon really is not a viable option for SiuMask at this point since the proceeds from all such sales will be frozen because of the preliminary injunction unless the Moving Defendants are granted relief from the asset restraint provisions of the preliminary injunction.

23. For these reasons, the Court's TRO and preliminary injunction have effectively shut down SiuMask's business.

24. The funds currently frozen in SiuMask's Amazon account represent virtually all of SiuMask's total available funds.

25. Because of the asset freeze, SiuMask currently cannot withdraw any funds from its Amazon account at all, even though the large majority of such funds represents revenues derived from the sale of products other than the product at issue in this lawsuit.

26. SiuMask consequently does not have any cash flow to sustain its business.

27. Because of the freeze, SiuMask does not have enough money available to pay its employees, pay suppliers for product already purchased, or buy new product.

28. Therefore, SiuMask likely will be forced out of business permanently if it is not given relief from the freeze on its entire account with Amazon.

I declare under penalty of perjury of the laws of the United States of America that the above is true and correct. Executed on March 24, 2023 at Shenzhen, Guangdong Province, China.

_____*Ming Du*_____
Ming Du