IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Sport Dimension Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 22-cv-6945 |
| | ) | |
| v. | ) | Judge: Charles P. Kocoras |
| | ) | |
| The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule "A", | ) ) ) ) | Mag. Judge: Gabriel A. Fuentes |
| | ) | |
| Defendants. | | |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)
AND INCORPORATED MEMORANDUM OF LAW**

Defendants Caitzr, Fuyu, Mora Tech, Qingtian Diaocheng Trading Co., Ltd., Qingtian Yingying Electronic Commerce Co., Ltd., Shenzhen Dali Industry Co., Ltd., Shenzhen Linglangxi Network Technology Co., Ltd., Shenzhen Rongxiner Network Technology Co., Ltd., Shenzhen Weitian Industrial Co., Ltd., chengdulijingyaxiumaoyiyouxiangongsi, dongguanshisuyingshangmaoyouxiangongsi, haoshengqiyue, huaxuan, shenzhenshi shenghuashuo dianzishangwu youxiangongsi, shenzhenshiyishengyangdianzishangwuyouxiangongsi, sigeshangmao, tengjingyue, tianjinshidongfangsugouwangluokejiyouxiangongsi, xuhua, yalita (hereinafter, "Defendants") by and through their attorneys, submit their Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). In support, Defendants submit the following incorporated memorandum of law.

1

**MEMORANDUM OF LAW**

**I.    Procedural Background**

1.    On December 12, 2022, Plaintiff filed its Complaint (D.E. 1) against Defendants, alleging a single count of patent infringement of U.S. Design Patent No. D744,603 ("the '603 Patent").

2.    On December 12, 2022, Plaintiff filed its *ex parte* Motion for Temporary Restraining Order (D.E. 10) which was granted on December 14, 2022 (D.E. 21).

3.    On December 22, 2022, Plaintiff moved to extend the Motion for Temporary Restraining Order (D.E. 22) which the Court granted on December 22, 2022 (D.E. 23).

4.    On January 9, 2023, Plaintiff moved for a preliminary injunction (D.E. 28).

5.    On January 18, 2023, this Court granted Plaintiff's preliminary injunction (D.E. 35).

6.    On February 6, 2023, Defendants entered an appearance through undersigned counsel and moved for an extension of time to respond to the Complaint. (D.E. 42). This Court issued a minute order granting the extension until and through February 21, 2023 to respond. (D.E. 45).

7.    On February 21, 2023, Defendants moved for a second extension of time until and through March 14, 2023 to respond to the Complaint (D.E. 48), which this Court granted. (D.E. 49).

8.    On March 14, 2023, Defendants moved for an additional extension of time until and through March 28, 2023, (D.E. 59) which this Court granted. (D.E. 60)

9.    Defendants now move to dismiss Plaintiff's Complaint (D.E. 1) pursuant to Fed.R.Civ.P. 12(b)(6).

**II.     Introduction and Summary of the Argument**

In the instant case, Defendants' memorandum of law will explain why they are unable to effectively defend or respond to the allegations and bare facts presented in Plaintiff's Complaint (D.E. 1). Specifically, Plaintiff's assertions lack the essential details regarding the material facts essential to a cognizable complaint. For example, the Complaint fails to provide the details regarding specific design features, dimension features, or product uses to describe the how, who, what, where, and when Defendants' alleged products infringed on the '603 Patent. Defendants are left speculating which features and elements of the '603 patent are similar or identical to Defendants' purported products. Is it the complete design, the specific usage, the functionality, or an element of the design? Ultimately, the Complaint fails to present a sufficient statement of fact and provide adequate notice to Defendants so that Defendants may adequately defend their cases. As a result, this Court should dismiss Plaintiff's Complaint (D.E. 1).

   *A.     The Plausibility and Particularity Standards Under Fed.R.Civ.P. 12(b)(6)*

In evaluating a complaint under Rule 12(b)(6), a district court accepts all well-pleaded allegations as true and draws all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 622, 678, 129 S.Ct. 1937 (2009). However, this plausibility standard "asks for more than a sheer possibility" that a defendant acted unlawfully. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). Thus, a district court may not accept legal conclusions as true. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

District courts in the Northern District of Illinois apply the Seventh Circuit's Rule 12(b)(6) standards to a motion to dismiss in a patent case. *Pressure Specialist, Inc. v. Next Gen Manufacturing, Inc.*, Case No. 17-CV-6582, 2018 WL 572834 (N.D.Ill., J. Amy J. St. Eve, Jan.

3

24, 2018); *DS Smith Plastics Limited v. Plascon Packaging, Inc.*, Case No.: 15 C 5760, 2016 WL 69632 (N.D.Ill., J. Gary Feinerman, Jan. 6, 2016); see also *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed. Cir. 2009) (noting that "procedural matter[s]" are "governed by the law of the regional circuit"); *Ferguson Beauregard/Logic Controls v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003) ("This court reviews the dismissal of a claim under Rule 12(b)(6), a matter of procedure, by applying the law of the regional circuit."). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must provide a "short and plain statement of the claim" to provide "fair notice" of the claim "and the grounds upon which it rests … " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

Courts have dismissed cases where the complaint fails to plead with sufficient detail. In *Cross v. Dick's Sporting Goods, Inc.*, Case No. 2:21CV198-PPS/JPK (N.D.Ind., J. Philip P. Simon, Jan. 14, 2022), the district court granted a motion to dismiss under Fed.R.Civ.P. 12(b)(6) where a plaintiff failed to plea with sufficient detail because the plaintiff did not provide sufficient detail as to how each defendant's accused products "mimicked" the plaintiff's design in a way that is "likely to cause consumer confusion" at *4. In addition, the district court noted that the complaint failed to provide a verbal explanation to identify the particular products of the infringing products. *Id.* As a result, the district court granted the motion to dismiss under Fed.R.Civ.P. 12(b)(6).

District courts may determine viability of a patent for issues such as subject matter eligibility under 35 U.S.C. § 101 at the motion to dismiss stage. *See Genetic Techs. Ltd. v. Merial L.L.C.*, 818 F.3d 1369, 1373–74 (Fed. Cir. 2016) ("We have repeatedly recognized that in

4

many cases it is possible and proper to determine patent eligibility under 35 U.S.C. § 101 on a Rule 12(b)(6) motion."). Such an analysis is important to determine whether the subject patent may be obtained for "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof."). However, where there are insufficient facts surrounding the patent itself, courts have granted a motion to dismiss where the defendants were unable to effectively challenge the patent. *Vision Works IP Corp. v. Nissan North America, Inc.*, Case No. 22-cv-00301-BAS-DDL, 2022 WL 6785766 (S.D.Cal., J. Cynthia Bashant, Oct. 11, 2022) ("Plaintiff has failed to make such allegations with the requisite particularity. As a result, Plaintiff does not offer a cognizable construction of the patents at issue.").

### B.    *Plaintiff's Complaint (D.E. 1) Fails to Plea with Sufficient Particularity*

A design patent protects all ornamental features of a product, excluding those that are functional in nature. See *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995). Patent infringement occurs when there is an application of "the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale . . . ." 35 U.S.C. § 289. In deciding whether there has been an infringement, the Court must inquire "whether an ordinary observer, familiar with the prior art, would be deceived into thinking that the accused design was the same as the patented design." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008). This inquiry necessitates a three-way visual analysis between the patented design, the accused design, and the prior art. *Id*. While verbal claim construction may sometimes be helpful in certain circumstances, "[g]iven the recognized difficulties entailed in trying to describe a design in words, the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design." *Id*. at 679. The designs should be compared visually to each other using the patent drawings, not

their commercial embodiments. See *Payless Shoesource, Inc. v. Reebok Int'l Ltd.*, 998 F.2d 985, 990 (Fed. Cir. 1993); *Voltstar Techs., Inc. v. Amazon.Com, Inc.*, No. 13 C 5570 at *4-5 (N.D. Ill. July 28, 2014) (Lee, J.).

Courts have treated the test for design patent infringement as a two-step process. First, a plaintiff claiming infringement must make a threshold showing that the accused and patented designs are not "sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer." *Egyptian Goddess*, 543 F.3d at 678; see *Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997, 1006, 1012 (N.D. Ill. 2010) ("[w]hen the patented design and the accused design are plainly dissimilar . . . there is no need to look to the prior art"). Second, "when the claimed and accused designs are not plainly dissimilar, resolution of the question of whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art." *Egyptian Goddess*, 543 F.3d at 678; see *Wing Shing Prods. (BVI) Co. Ltd. v. Sunbeam Prods., Inc.*, 665 F. Supp. 2d 357, 362 (S.D.N.Y. 2009) (there are two levels to the infringement analysis: a first level or "'threshold' analysis to determine if comparison to the prior art is even necessary, and a second level analysis that accounts for prior art in less obvious cases"). *Voltstar Techs., Inc.* at *4-5.

In the instant case, Plaintiff describes its product covered under the '603 Patent as follows:

> The PADDLE PALS personal flotation device (PFD) is a U.S. Coast Guard-approved learn-to-swim aid or life jacket with attached arm bands and is used to teach children how to swim. A safety shoulder harness prevents the vest from sliding off during use and keeps the child from removing the life jacket without help. A quick-release rear safety buckle is adjustable for a secure fit. The PADDLE PALS personal flotation device is manufactured from a durable polyester material and includes a multi-panel design for superior comfort. It is

      approved by the U.S. Coast Guard as a Child's Type III PFD for recreational boating.

D.E. 1 at ¶7.

      Within this vague description, it is unclear which components of the purportedly unique '603 Patent are allegedly infringed by Defendants. The closest Plaintiff comes to describing the alleged infringement is that "Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products that infringe directly and/or indirectly the ornamental design claimed in the PADDLE PALS Design Patent (No. D744,603)." D.E. 1 at ¶ 31. However, Plaintiff never defines or describes the components of the "ornamental design". Where, as here, the Complaint fails to identify the accused products with particularity, let alone by name or by photograph, this is sufficient grounds to dismiss the Complaint. See *Artrip v. Ball Corp.*, 735 F. App'x 708, 714-15 (Fed. Cir. 2018) (dismissing a complaint because the complaint stated only that "one or more of the machines at least at the Bristol Plant" infringed the patents, but failed to identify which of the defendant's machines, in particular, were accused of infringement).

      Overall the Complaint reads as a boilerplate pleading not only because of the vague references, but also because of the conjunctive and disjunctive grammar. Though attached as Exhibit One, not once does the Complaint reference or cite to the patent design itself to provide any context to the alleged infringement. Was the ambiguous "ornamental design" infringed directly or indirectly? Without any specific facts and the combined use of conjunctive and disjunctive grammar, Defendants are without the knowledge to respond to the allegations or form cognizable defenses. Further, the complaint is confusing if not unintelligible due to the fact that Plaintiff filed as Exhibit Two, without referencing it in the complaint, a copy of what appears to be a trademark registration certificate for the term "PADDLE PALS." 9 (D.E. 1-2) As there is a

7

no claim for trademark infringement or even reference to the mark described in the purported registration certificate in the complaint, it seems that Plaintiff's complaint for patent infringement consists of nothing more than a poor attempt to adapt a complaint for trademark infringement to a claim for patent infringement.

The who, where, how, when, what aspects are particularly important in the context of a patent case. The complaint should provide the ability to distinguish whether the alleged infringement is based on a protected idea or a specific use or a mechanical function, or some other material aspect. General language that a defendant infringed on a patent cannot provide sufficient notice to a defendant regarding *what* and *how* the patent is proprietary. In the instant case, understanding the nature of the alleged infringement is essential because the design, idea, or function of the PADDLE PALS product does not appear remarkable or novel on its face. Indeed, the patent appears to be for a flotation device inflated by the manual expulsion of air. What might be considered innovative about Plaintiff's product is indiscernible from the Complaint.

### III. Conclusion

In conclusion, without explaining the how, when, why, who or where of the alleged infringement, Defendants are unable to respond to the Complaint. Is it the dimensions of the floating device? Is there proprietary technology? Is it the unique location of the strap across the chest? Is it the specially designed way in which the product operates? Perhaps the mode of inflating the product? Defendants are unable to discern from the Complaint any facts as to why or how Defendants' alleged products infringed on the '603 Patent. Without such notice, Defendants are unable to respond intelligently to the Plaintiff's Complaint.

Respectfully submitted this 28th day of March, 2023.

<u>*L. Ford Banister, II*</u>
Bar No. 5446539
Ford Banister IP
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: ford@fordbanister.com
*Attorney for Defendants*